UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. DOYLE, | ) |
|         Plaintiff | ) |
| v. | )    No. 2:23-cv-00139-GZS |
| ANN MAKSYMOWICZ et al., | ) |
|         Defendants | ) |

### RECOMMENDED DECISION ON MOTIONS TO DISMISS

In May 2022, Michael A. Doyle, appearing *pro se*, filed a complaint against Maine School Administrative District (MSAD) #51 Superintendent Jeffrey Porter, the MSAD #51 School Board, MSAD #51 School Board members, MSAD #51 School Board member Ann Maksymowicz, the Town of Cumberland, the Cumberland Town Council, and Cumberland Chief of Police Charles Rumsey. *See Doyle v. Rumsey*, No. 2:22-cv-00127-GZS, ECF No. 1. Doyle asserted claims of (1) Fourth Amendment violations, (2) violations of the Fifth and Fourteenth Amendments, (3) intentional infliction of emotional distress, and (4) malicious prosecution all stemming from his arrest for trespassing while attending a School Board meeting and being served a summons for harassing Maksymowicz. *See id.* In August 2022, the court dismissed Doyle's claims against the MSAD #51 defendants for failing to state a claim and warned Doyle that further frivolous filings would result in the imposition of filing restrictions. *See Doyle v. Porter*, No. 2:22-cv-00127-GZS, 2022 WL 3716245, at *2-4 (D. Me. Aug. 29, 2022). In April 2023, the court dismissed Doyle's remaining claims against the Cumberland defendants for failing to state a claim. *See Doyle v. Rumsey*, No. 2:22-cv-00127-GZS, 2023 WL 2868315, at *2-5 (D. Me. Apr. 10, 2023).

Meanwhile, in March 2023, Doyle, again acting *pro se*, initiated this action by filing a nearly identical complaint asserting the same four claims against Maksymowicz, Rumsey, former

1

Cumberland County District Attorney Jonathan Sahrbeck, and former School Board Chair Tyler McGinley. *See* Complaint (ECF No. 1). Maksymowicz and McGinley promptly filed a motion to dismiss pointing to the court's prior dismissal of the same claims; Rumsey did the same; and Sahrbeck filed a motion to dismiss arguing that Doyle failed to make any allegations against him and that, in any event, he is entitled to prosecutorial immunity. *See* ECF Nos. 5, 9, 13. In their motions, Maksymowicz, McGinley, and Rumsey also ask that the court impose filing restrictions against Doyle. *See* ECF Nos. 5, 13.

For his part, Doyle argues that this action is distinct from the previously dismissed action because the "predicate for this claim is" a conspiracy between the defendants to deny him "access to school board meetings as a member of the press and denial of freedom of movement," which, he says, "is entirely different" from his previous case. ECF No. 10; *see also* ECF Nos. 14, 16. [1]

Apart from the change in named defendants and the addition of a single introductory sentence regarding the alleged conspiracy[2], I do not discern any substantive differences between Doyle's current complaint and his previously dismissed complaint. Accordingly, his claims against Maksymowicz, McGinley, and Rumsey should be dismissed for the same reasons that the court previously dismissed such claims. *See Doyle v. Porter*, 2022 WL 3716245, at *2-4; *Doyle v. Rumsey*, 2023 WL 2868315, at *2-5. And his claims against Sahrbeck should be dismissed because his complaint fails to make any nonconclusory allegations against Sahrbeck, and Sahrbeck is entitled to absolute immunity under federal and state law. *See Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.) (noting that even

---

[1] I have disregarded Doyle's improper attempts to bolster the allegations in his complaint by making new allegations in his responses to the motions to dismiss. *See Decoulos v. Town of Aquinnah*, No. 17-cv-11532-ADB, 2018 WL 3553351, at *12 (D. Mass. July 24, 2018) (noting that even a *pro se* plaintiff "cannot bolster the allegations" in his complaint "through the late addition of new facts in opposing a motion to dismiss").

[2] To the extent Doyle is attempting to assert a conspiracy claim under 42 U.S.C. § 1985(3), that claim fails for being too vague and conclusory. *See Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019) ("A complaint containing only vague and conclusory allegations of a conspiracy fails to state a plausible claim under section 1985(3).").

a *pro se* complaint must contain "the crucial detail of who, what, when, where, and how" in order to state a claim), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020); *Miller v. City of Boston*, 297 F. Supp. 2d 361, 370 (D. Mass. 2003) (explaining that "prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and presenting the State's case" and that such immunity extends "to actions that occur prior to a formal court proceeding and outside of a courtroom"); 14 M.R.S.A. § 8111(1)(D) (Westlaw) (providing absolute immunity to governmental employees "[p]erforming or failing to perform any prosecutorial function involving civil, criminal or administrative enforcement").

Considering the frivolous and duplicative nature of the instant complaint and Doyle's refusal to heed multiple prior *Cok* warnings, the court should also restrict him from filing new cases without first obtaining permission from the court. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34 (1st Cir. 1993) (noting that federal courts "plainly possess discretionary powers to regulate the conduct of abusive litigants" through filing restrictions); *Doyle v. Porter*, 2022 WL 3716245, at *4 ("[T]he Court hereby WARNS Doyle that any further frivolous filings will result in this Court placing him on restricted filer status."); *id.* at *4 n.8 ("Doyle has had six prior *pro se* cases dismissed in the District of Maine . . . ."); *State of Maine v. Doyle*, No. 2:21-cv-00163-LEW, ECF No. 2 (D. Me. June 24, 2021) ("Mr. Doyle is HEREBY CAUTIONED that further frivolous filings may result in an order restricting his ability to institute legal proceedings in this court.").[3]

In summary, I recommend that the court **GRANT** the defendants' motions (ECF Nos. 5, 9, 13) and **DISMISS** Doyle's complaint. I also recommend that the court **ENJOIN** Doyle from filing new cases in the District of Maine without first obtaining the court's permission by showing that

---

[3] Doyle argues that filing restrictions are "unjustified" but he does not acknowledge the court's most recent *Cok* warning and incorrectly asserts that the warning he received in No. 2:21-cv-00163-LEW "was close to five years ago." ECF No. 10 at 2.

3

his proposed pleading is sufficiently plain and definite to satisfy Federal Rule of Civil Procedure 8 and to warrant a response. *See Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (upholding the imposition of similar filing restrictions against a litigant with a history of filing deficient and duplicative complaints).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated this 22nd day of August, 2023

/s/ David M. Cohen
United States Magistrate Judge